Filed 4/16/26  P. v. Williams CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B341777 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA112332) |
| v. | |
| JACORI ARMON WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

Law Offices of Allen G. Weinberg and Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

Jacori Williams appeals from an order denying resentencing under Penal Code[1] section 1172.6. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216. We directed counsel to provide a copy of the record to Williams, and Williams submitted a supplemental letter brief.

Williams was convicted of various crimes arising out of gang-related shootings committed in 2010. (See generally, *People v. Perez et al.* (Jan. 14, 2014, B238303) [nonpub. opn.].)[2] In 2011, a jury convicted Williams of four counts of attempted murder (§§ 664, 187, subd. (a)), four counts of assault with a firearm (§ 245, subd. (a)(2)), shooting at an inhabited dwelling (§ 246), and possession of a firearm by a felon (former § 12021, subd. (a)(1)). The jury also found true gang and gun enhancements. (§§ 186.22, subd. (b), 12022.53, subds. (b), (c) & (d), 12022.5, subd. (a).)

In January 2012, a court sentenced Williams to "195 years to life" in prison.

In March 2024, Williams petitioned for resentencing under section 1172.6. The trial court appointed counsel for Williams. In its written opposition to the petition, the People argued that

---

[1] All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[2] On our own motion, we take judicial notice of that opinion. We may rely on a prior appellate opinion for procedural history only. (Evid. Code, § 452, subd. (a); *People v. Lewis* (2021) 11 Cal.5th 952, 972 [appellate opinion generally part of record of conviction in § 1172.6 proceedings] (*Lewis*).)

Williams's jury was not instructed on any theory of liability for attempted murder under which the jury could have imputed malice to him. In support, the People submitted the jury instructions from Williams's trial. As relevant here, the instructions included ones on attempted murder (CALCRIM No. 600) and aiding and abetting (CALCRIM Nos. 400, 401). The court did not instruct Williams's jury on felony murder or the natural and probable consequences doctrine.

On September 6, 2024, the trial court found that Williams had not made a prima facie case for relief and denied the petition.

This appeal followed. Williams's appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *People v. Delgadillo*, *supra*, 14 Cal.5th 216.

The trial court here properly dismissed Williams's petition at the prima facie stage. His jury was not instructed on felony murder or the natural and probable consequences doctrine, theories under which the jury could have imputed malice to him and are no longer valid theories of murder or attempted murder. (See generally § 188, subd. (a)(3) [malice shall not be imputed to a person based solely on the person's participation in a crime]; § 189, subd. (e) [limiting scope of felony-murder rule].) Nor could the jury have improperly imputed malice to Williams under the kill zone theory, as Williams appears to argue in his supplemental letter brief. Rather, the kill zone theory of attempted murder is an express malice theory having nothing to do with aiding and abetting or imputing malice. (See generally *People v. Canizales* (2019) 7 Cal.5th 591, 607 [kill zone is a theory for establishing specific intent to kill].) Williams's jury was properly instructed on the kill zone theory, i.e., that he had to

3

have the specific intent to kill the primary target *and* everyone within the kill zone.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:



EGERTON, J.



ADAMS, J.